UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-cr-00640-EMC-1 |
| Plaintiff, | |
| v. | **ORDER STAYING PETITION** |
| JONTAE ALLEN, | Docket No. 46 |
| Defendant. | |

On September 1, 2016, Defendant Jontae Allen moved to vacate his sentence under 28 U.S.C. § 2255.  Docket No. 46.  Allen was sentenced to 96 months imprisonment following his guilty plea for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  Docket No. 35.  Allen's sentence had been significantly enhanced based on the determination that two of Allen's prior convictions constituted crimes of violence under the residual clause of U.S.S.G. § 4B1.2.  In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague.  Allen argues that the ruling in *Johnson* applies to the residual clause of U.S.S.G. § 4B1.2, rendering his sentence invalid.  In its opposition brief, Docket No. 47, the United States argues that these proceedings should be stayed to await the Supreme Court's decision in the currently pending case *Beckles v. United States*, No. 15-8544.  The Supreme Court granted certiorari in *Beckles* to decide whether *Johnson* applies to the residual clause of the Sentencing Guidelines, and, if so, whether it applies retroactively on collateral review.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  857, 863 (9th Cir. 1979).  However, a stay is inappropriate if there is "even a fair possibility" that

2  it will "work damage" to one of the parties.  *Dependable Highway Exp., Inc. v. Navigators Ins.*

3  *Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255

4  (1936)).  Moreover, "[a] stay should not be granted unless it appears likely the other proceedings

5  will be concluded within a reasonable time in relation to the urgency of the claims presented to the

6  court." *Levya*, 593 F.2d at 863.  Applying these standards, the Court stays Defendant's motion

7  until the Supreme Court decides *Beckles* for the following reasons.

8      First, *Beckles* will have a direct bearing on Allen's motion, as it will decide the precise

9  legal questions presented therein.  Staying these proceedings until the Supreme Court provides

10  guidance on these dispositive questions will promote judicial economy.

11      Second, Allen is not likely to be prejudiced by a temporary stay pending the Supreme

12  Court's ruling in *Beckles*.  Even without the residual clause enhancement, Allen faced a

13  Guidelines sentencing range of 57-71 months.  Unless the Court departs or varies downward from

14  the Guideline range, (for which there is not a high likelihood given the § 3553(a) factors discussed

15  at sentencing, including the seriousness of the offense and Allen's extensive criminal history),

16  even under the low end of the Guideline range, the earliest Allen could be released, even if he

17  were afforded full relief on his motion, is approximately August 2017 (which also assumes

18  application of good time credits).  The Supreme Court, meanwhile, has already heard argument in

19  *Beckles*.  It will almost certainly issue a ruling in the case by June 2017, if not much sooner.  Thus,

20  even assuming the earliest probable date for Allen's relief if he prevails, this Court will have

21  ample time to rule on his petition after the Supreme Court rules in *Beckles*.  Accordingly, the stay

22  will be of a limited duration, and there is little or no possibility that it will "work damage" to Allen

23  in any way.  *Cf. United States v. Flores-Ayar*, Case No. 15-cr-00122-EMC-1, Docket No. 210

24  (N.D. Cal. 2017).

25  ///

26  ///

27  ///

28  ///

2

The Court therefore **STAYS** this matter pending the Supreme Court's ruling in *Beckles v. United States*.  The Court will set a status conference for June 7, 2017 at 2:30 p.m.

      **IT IS SO ORDERED**.

Dated: February 9, 2017

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California